PROB 12C
(7/93)

Report Date: October 19, 2011

# United States District Court

## for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 20 2011

JAMES R. LARSEN, CLERK
_____DEPUTY
YAKIMA, WASHINGTON

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Travis Barnes                Case Number: 2:10CR02124-001

Address of Offender: Last known:

Name of Sentencing Judicial Officer: The Honorable Lonny R. Suko, U.S. District Judge

Date of Original Sentence: 9/20/2001

Original Offense:     Conspiracy to Distribute a Controlled Substance, 21 U.S.C. § 841(b)(1)(A), and 846

Original Sentence:    Prison - 84 Months;              Type of Supervision: Supervised Release
                      TSR - 60 Months

Asst. U.S. Attorney:  Jane Kirk                        Date Supervision Commenced: 3/9/2007

Defense Attorney:     Rick Hoffman                     Date Supervision Expires: 3/8/2012

---

## PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number         Nature of Noncompliance

      1                  **Special Condition # 16**: You shall abstain from the use of illegal controlled substances, and
                         shall submit to urinalysis testing, as directed by the supervising officer, but no more than six
                         tests per month, in order to confirm continued abstinence from these substances.

                         **Supporting Evidence**: Mr. Barnes tested positive for amphetamine and methamphetamine
                         on October 12, 2011.

                         On October 11, 2011, Mr. Barnes reported to Merit Resource Services (Merit) at closing
                         time to submit to a random urinalysis test. Due to the defendant arriving late, a specimen
                         was not collected.

                         On October 12, 2011, this officer telephoned Mr. Barnes and directed him to report to the
                         probation office to submit to a drug test. The defendant arrived late for his scheduled
                         appointment and after waiting over an hour and a half, Mr. Barnes could not produce a urine
                         specimen. After this officer informed the defendant the specimen would not be collected,
                         Mr. Barnes became upset, and used profanity as he walked down the hallway.

Due to his demeanor, this officer asked security to escort Mr. Barnes out the building. As the defendant was on his way out of the building, he decided to return to the probation office, and asked to speak with this officer's supervisor.

Mr. Barnes met with Supervising U.S. Probation Officer Nichols and this officer. The defendant related he was nervous and felt pressured to produce the urine sample. Mr. Barnes was directed to wait in the reception area so he could calm down. After a short while, the defendant stated he was ready to produce the specimen. Approximately 20 minutes later, Mr. Barnes produced a urine specimen that returned presumptive positive for amphetamine using the MP Rapid Test device. Mr. Barnes was advised the test returned presumptive positive for amphetamines and the specimen would be sent to the laboratory for confirmation. The defendant denied any illegal drug use, and assured this officer the specimen would return clean.

On October 18, 2011, Alere Toxicology Services, Incorporated confirmed the urine specimen that Mr. Barnes submitted on October 12, 2011, returned positive for amphetamine and methamphetamine.

2     **Standard Condition # 6**: The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment.

**Supporting Evidence**: Mr. Barnes has failed to provide an address as to where he is residing as of October 18, 2011.

On October 5, 2011, Mr. Barnes reported to the probation office and advised he moved to the corner of 10th Avenue and Valley Mall Boulevard in Yakima, Washington. The defendant advised he has a bus that has been converted into a home and he would be living there. Mr. Barnes was directed to provide this officer with a physical address and he related he would call the address in later this date. On October 12, 2011, Mr. Barnes was again at the probation office and was asked about the address. The defendant advised he still did not know the exact address, but described the location once again.

On October 18, 2011, this officer went to the corner of 10th Avenue and Valley Mall Boulevard and located the bus Mr. Barnes described. After not receiving a response from knocking on the bus' door, this officer went to the residence on this property, and spoke with a female. The female stated Mr. Barnes had not been around for nearly 2 weeks.

3     **Standard Condition # 5**: The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.

**Supporting Evidence**: Mr. Barnes has failed to be gainfully employed as of October 19, 2011.

Mr. Barnes reports he has been looking for a job, however, he continues to be unemployed since April 2011.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the defendant to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 10/19/2011

s/Jose Zepeda

Jose Zepeda
U.S. Probation Officer

---

## THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

Signature of Judicial Officer

10/20/11
Date